RAVENNA TOWNSHIP TRUSTEES et al., Appellees,

v.

CITY OF RAVENNA et al., Appellants.

[Cite as *Ravenna Twp. Trustees v. Ravenna* (1997), 117 Ohio App.3d 152.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 95–P–0105.

Decided Jan. 2, 1997.

*Alfred E. Schrader,* for appellees.

*Frank J. Cimino,* Ravenna Law Director, for appellants.

JOSEPH E. MAHONEY, Judge.

On June 7, 1993, the Ravenna City Council passed a resolution requesting the Portage County Commissioners for a change of the township boundary lines to make them identical with the corporate limits of the city of Ravenna pursuant to R.C. 503.07. Additionally, the resolution sought to create a new township, Tappan Township, that would have boundaries identical to the existing corporate boundaries of the city of Ravenna.

Subsequently, the Portage County Commissioners, through Resolution No. 1993–660, granted the petition of Ravenna to secede from Ravenna Township. They also formed a new township, Tappan Township, which had boundaries identical to the existing corporate boundaries of Ravenna. Ravenna Township remained the same except that Ravenna and Tappan Township were no longer a part of Ravenna Township.

Prior to 1993 and the secession of Ravenna from Ravenna Township, a portion of Ravenna Township containing the Maple Grove Cemetery was completely surrounded by the corporate boundaries of Ravenna due to a series of annexations that had cut off the cemetery from the rest of Ravenna Township. Maple Grove Cemetery and eleven parcels of land contiguous to it have been neither incorporated nor annexed into Ravenna. Ravenna Township has maintained the cemetery grounds since it was dedicated in the early Nineteenth Century.

On September 23, 1994, appellees, Ravenna Township Trustees, filed a declaratory judgment action in Portage County Common Pleas Court asking the court to declare appellant Ravenna the owner of Maple Grove Cemetery and, thus, responsible for its care and maintenance. Appellees claimed that when appellant seceded from the township, title and responsibility to maintain Maple Grove Cemetery vested automatically in Ravenna by operation of R.C. 759.08.

On July 12, 1995, the trial court entered its judgment, finding that the cemetery is within Ravenna and, thus, is the responsibility of the city to maintain. The court entered a final order reflecting its decision on August 9, 1995.

Appellant timely filed a notice of appeal with the following assignment of error:

"The City of Ravenna has neither title to nor responsibility for maintenance of Maple Grove Cemetery pursuant to O.R.C. Sec. 759.08."

In the sole assignment of error, appellant contends that the trial court erred in determining that it had the responsibility for maintenance of Maple Grove Cemetery pursuant to R.C. 759.08.

This appears to be a case of first impression in Ohio. The issue involves what happens when a city annexes land to the extent that it completely surrounds a township cemetery. R.C. 759.08 provides:

"The title to and right of possession of public cemeteries and burial grounds located within a municipal corporation and set apart and dedicated as public cemeteries or burial grounds, and grounds used as such by the public but not dedicated, except those owned or under the care of a religious or benevolent society, or an incorporated company or association, are hereby vested in the municipal corporation in which such cemetery or burial ground is located."

The trial court decided that under R.C. 759.08, the city is responsible for the upkeep of the cemetery. The court reasoned:

" 'Within a municipal corporation' means completely surrounded by municipal corporation land. The public policy consideration behind this statute recognizes that the cities control their expansions through annexation and that when a public cemetery, by action of the City, is surrounded by the City it becomes remote to its founders and owners and ought to vest with and be managed by the surrounding governmental entity."

We agree with the trial court. Both parties have cited various Ohio Attorney General Opinions, but none is on point. For example, one opinion cited by both parties is 1991 Ohio Atty.Gen.Ops. No. 91–062, which stated at paragraph one of the syllabus:

"Pursuant to R.C. 759.08, when a cemetery to which a township holds title under R.C. 517.10 becomes located in a village by annexation, title to the cemetery and the concomitant duty of care and maintenance vests in the village, regardless of whether a deed to the cemetery is given to the village by the board of township trustees. (1963 Op.Att'y Gen. No. 26, p. 116, approved and followed.)"

Clearly, the foregoing opinion does not answer the question of what was intended by the phrase "within a municipal corporation." Appellant cites 1929 Ohio Atty.Gen.Ops. No. 1339 and 1930 Ohio Atty.Gen.Ops. No. 1967, which interpreted the predecessor of R.C. 517.10. That statute, since 1953, has provided:

"The title to, right of possession, and control of all public cemeteries located outside any municipal corporation, which have been set apart and dedicated as public cemeteries, and any grounds which have been used as such by the public, but not expressly dedicated as a cemetery, except such as are owned or under the care of a religious or benevolent society, or an incorporated company or association, or under the control of the authorities of any municipal corporation, shall, severally be vested in the board of township trustees."

Thus, this statute is not helpful in reaching a decision on this matter, since it merely states the other side of the R.C. 759.08 coin. Additionally, the Ohio Attorney General Opinions cited by appellant were interpreting prior versions of the statute which are not applicable now.

The Supreme Court of Ohio has discouraged the use of annexations that result in the creation of islands. In *Middletown v. McGee* (1988), 39 Ohio St.3d 284, 530 N.E.2d 902, the court stated:

"In Ohio, courts have frowned upon the use of connecting strips of land to meet the contiguity requirement when annexing outlying territory not otherwise connected to the annexing municipality. Such annexations are usually referred to as 'strip, shoestring, subterfuge, corridor, and gerrymander annexations. * * *' In determining whether a proposed annexation satisfies the contiguity requirement, these courts, as well as the courts of other jurisdictions, have noted that the basic concept of a municipality is that of a unified body, and have consistently inquired whether an annexing municipality would conform to this concept if a proposed annexation were to take place. The concept of a municipality as a unified body had been expressed as follows:

" ' " * * * The legal as well as the popular idea of a town or city in this country, both by name and use, is that of oneness, community, locality, vicinity; a collective body, not several bodies; a collective body of inhabitants—that is, a body of people collected or gathered together in one mass, not separated into distinct masses; and having a community of interest because [they are] residents of the same place, not different places. So, as to territorial extent, the idea of a city is one of unity, not of plurality; of compactness or contiguity, not separate [sic] or segregation. * * *" ' " (Citations omitted.) *Id.* at 287, 530 N.E.2d at 905, quoting *Watson v. Doolittle* (1967), 10 Ohio App.2d 143, 148–149, 39 O.O.2d 267, 270–271, 226 N.E.2d 771, 775.

Further, in *State ex rel. Haines v. Rhodes* (1958), 168 Ohio St. 165, 5 O.O.2d 467, 151 N.E.2d 716, the Supreme Court of Ohio held that if it is reasonably possible, courts should construe statutes so as to avoid ridiculous or absurd results because it is presumed that the legislature did not intend such results. *Id.* at paragraph two of the syllabus.

In the present situation, if appellant's interpretation of the law were accepted, the result would be absurd should the city decide to annex all township land except for Maple Grove Cemetery. If this were allowable, cities would simply annex all parcels of land that would generate revenue while leaving behind those that would be a financial drain, such as public cemeteries, to the township. Clearly, this could not have been the result intended by the legislature.

Accordingly, we hold that when a city annexes land so as to completely surround and engulf a public cemetery, title to and right of possession of the cemetery rests in the municipal corporation that annexed the surrounding land.

Appellant's sole assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and CHRISTLEY, J., concur.