MEMORANDUM OPINION
{¶ 1} Appellant, Don Phillips, appeals his conviction in the Niles Municipal Court of parking or storing heavy equipment in an agricultural district, in violation of the Weathersfield Township Zoning Resolution. At issue is whether a defendant can be found guilty of this offense if he uses the equipment for a personal use. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} On October 5, 2007, a criminal complaint was filed against appellant in the Niles Municipal Court. As amended, the complaint charged that, beginning on April 20, 2007 and continuing to date, appellant parked or stored heavy equipment in an agricultural district, in violation of Art. XIV, Sec. 1408 of the Weathersfield Township Zoning Resolution and R.C. 519.23, a minor misdemeanor. R.C. 519.23 provides: "Each day's continuation of a [zoning] violation * * * may be deemed a separate offense." Following appellant's entry of his not guilty plea, the case proceeded to bench trial on February 25, 2008.
 {¶ 3} Sherri Craver, Weathersfield Township Zoning Inspector, testified that on April 20, 2007, she saw that appellant had parked a backhoe in the front yard of his property located at 99 Welsh Hill Road in Weathersfield Township, in violation of Sec. 1408 of the zoning resolution. The parties agree appellant's property is located in an agricultural zoning district. A backhoe is "an excavating machine in which the bucket is rigidly attached to a hinged stick on the boom and is drawn toward the machine in operation." Webster's Third New International Dictionary of the English Language, Unabridged (1986) 159.
 {¶ 4} Ms. Craver testified that when she returned to the property on July 16, 2007, the backhoe was still parked in front of the house. She said that there was a mound of earth piled near the backhoe and that construction was being done at that time. She said she did not know the purpose for which appellant was using the backhoe. During that visit, she took photographs of the zoning violation.
 {¶ 5} She testified that since July, 2007, no work has been done on appellant's property with the backhoe and it has not been moved. *Page 3 
 {¶ 6} Appellant testified that he purchased the backhoe in June, 2005. He has used it to clear 150 trees and to dig a hole for a pond on his property. He has been working on this pond project since June, 2005, and it still is not completed. He said he has never used the backhoe for commercial uses. It is undisputed that appellant is not in the excavating business and does not use the backhoe as part of his business, which is automobile repair.
 {¶ 7} He said he stores the backhoe in his front yard and never puts it in a garage or behind his house. As a result, the backhoe is visible to his neighbors and residents in the area and from the road.
 {¶ 8} Following the presentation of the evidence, the court took the matter under advisement. On March 20, 2008, the trial court entered its findings of fact and conclusions of law and found appellant guilty of the charged offense. The court found, "[a] back hoe is by definition a piece of equipment used for commercial purposes. It is not like a lawn mower, rototiller, lawn tractor or weed wacker that a home owner would use on landscape. * * * In addition, the defendant has stored this equipment for almost 3 years and this court must truly question his commitment to this landscaping project."
 {¶ 9} The court held a sentencing hearing on March 26, 2008, at which the court fined appellant $500 for the first day of the offense, i.e., April 20, 2007 and $100 for each subsequent day until the filing date, i.e., October 5, 2007. The court stated in its judgment that the sentence will be "modified upon compliance." Appellant appeals his conviction, asserting for his sole assignment of error:
 {¶ 10} "THE TRIAL COURT ERRED AS A MATTER OF LAW TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT CONVICTED THE *Page 4 
DEFENDANT-APPELLANT OF PARKING A PIECE OF `HEAVY EQUIPMENT USED FOR BUSINESS PURPOSES' ON AGRICULTURAL LAND IN VIOLATION OF SEC. 1408 WHEN DEFENDANT-APPELLANT'S BACKHOE IS NOT `USED FOR BUSINESS PURPOSES' AND DOES NOT FALL UNDER THE ART. I DEFINITION OF `HEAVY EQUIPMENT.'"
 {¶ 11} This court reviews a trial court's interpretation and application of a statute under a de novo standard of appellate review.Akron v. Frazier (2001), 142 Ohio App. 3d 718, 721, citing State v.Sufronko (1995), 105 Ohio App.3d 504, 506. Statutory interpretation involves a question of law; therefore, we do not give deference to the trial court's determination. Id. "The principles of statutory construction require courts to first look at the specific language contained in the statute, and, if unambiguous, to then apply the clear meaning of the words used." Roxane Laboratories, Inc. v. Tracy,75 Ohio St.3d 125, 127, 1996-Ohio-257. R.C. 1.42 provides that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." See, also, Morgan v. Ohio Adult ParoleAuth., 68 Ohio St.3d 344, 346, 1994-Ohio-380. In State v. Myers (1993),87 Ohio App.3d 92, the Ninth Appellate District held, "in applying this statute, the trial court was required to read the statute in context and construe it according to the rules of grammar and common usage. R.C. 1.42." Id. at 95-96.
 {¶ 12} A court may interpret a statute only where the statute is ambiguous. State ex rel. Celebrezze v. Allen Cty. Bd. of Commrs. (1987),32 Ohio St. 3d 24, 27. A statute is ambiguous if its language is susceptible to more than one reasonable interpretation. State ex rel.Toledo Edison Co. v. Clyde, 76 Ohio St.3d 508, 513, 1996-Ohio-376. When *Page 5 
a court must interpret a criminal statute, the language should be strictly construed against the state and liberally construed in favor of the accused. R.C. 2901.04(A). However, strict construction should not override common sense and evident statutory purpose. State v. Sway
(1984), 15 Ohio St.3d 112, 116.
 {¶ 13} Finally, in Ravenna Township Trustees v. City of Ravenna
(1996), 117 Ohio App.3d 152, this court held: "if it is reasonably possible, courts should construe statutes so as to avoid ridiculous or absurd results because it is presumed that the legislature did not intend such results." Id. at 155, citing State ex rel. Haines v.Rhodes (1958), 168 Ohio St. 165, at paragraph two of the syllabus.
 {¶ 14} Art. IV, Sec. 1408 of the Weathersfield Township Zoning Resolution provides: "In an agricultural or residential district, the parking or storage of heavy equipment used for business purposes is prohibited." "Heavy equipment" is defined at Art. I as "Equipment used for business purposes, including vehicles such as cranes, backhoes, bulldozers, earth moving equipment, power shovels and related equipment * * *."
 {¶ 15} Appellant argues that in order to violate Sec. 1408, the equipment parked or stored on agricultural land must actually be used by the defendant for business purposes. He argues that because he has not used his backhoe for profit, but rather has only used it to remove trees and to dig a pond on his property, he had only used it for his own personal uses and cannot lawfully be convicted of Sec. 1408. In contrast, the state argues that the township zoning resolution prohibits the parking or storage of all heavy equipment, such as bulldozers, cranes, backhoes and earth-moving equipment, regardless of the actual use of a particular defendant. *Page 6 
 {¶ 16} First, we note that neither appellant nor appellee has referred us to any cases which have addressed a similar provision in a zoning resolution. Further, our independent research has not revealed any cases in which either the Ohio Supreme Court or any Ohio appellate court has construed similar legislation.
 {¶ 17} Appellant argues Sec. 1408 is clear and unambiguous and therefore not subject to interpretation as such. We agree. However, as the Ninth Appellate District held in Myers, supra, in applying a statute, the trial court is required to "construe it according to the rules of grammar and common usage." We therefore apply those rules to construe the definition of "heavy equipment" in the subject resolution.
 {¶ 18} The first part of the definition of "heavy equipment" in the resolution is "equipment used for business purposes * * *." First, we note there is no comma between the word "equipment" and the phrase "used for business purposes." As a result, "used for business purposes" is not a parenthetical expression. A parenthetical expression is a word or a series of words which explain or qualify a statement. The parenthetical expression contains relevant but non-essential information. In order to indicate this information is not essential to the sentence, the parenthetical expression is set off with commas. See, e.g., Drury v.Prugh (Aug. 28, 1975), 2d Dist. No. 4812, 1975 Ohio App. LEXIS 6006, *2-*3.
 {¶ 19} A phrase is a parenthetical expression where the meaning of the sentence would not be changed if the phrase was omitted. Yelin 
Samborn, The Legal Research and Writing Handbook (2006) 344. However, a phrase is not parenthetical where its omission would result in a failure to convey the meaning of the sentence. Id. Commas are not used where the phrase is not parenthetical because it is essential to *Page 7 
the meaning of the sentence and, thus, there is no need to set it apart from the rest of the sentence. Id. Thus, the determination whether a qualifying phrase is parenthetical depends on whether a comma is used to set it apart from the rest of the sentence.
 {¶ 20} As noted supra, in the definition of "heavy equipment," the township zoning commission did not use a comma to set apart the expression "used for business purposes" from "equipment." Therefore, "used for business purposes" is not parenthetical and its use is essential to explain the type of equipment the zoning commission intended to include in the definition. Thus, the parking or storage of all equipment used for business purposes on property zoned for agricultural or residential purposes is prohibited by the resolution, regardless of a defendant's specific use of the equipment.
 {¶ 21} Further, the interpretation urged by appellant would require us to include additional words to the definition of heavy equipment, such as "equipment when used for business purposes" or "if used for business purposes." (Emphasis added.) Because we are able to construe the meaning of the definition of "heavy equipment" from the application of rules of grammar and common usage, it would be inappropriate for us to add to the zoning resolution words the zoning commission never intended.
 {¶ 22} Further, to make even more clear the definition of heavy equipment, the commission provided examples of what it meant by this term. The examples given include "vehicles such as cranes, backhoes, bulldozers, earth-moving equipment, power shovels, and related equipment." Thus, a defendant's actual use of such equipment is completely irrelevant. It is the essential nature of the equipment, not the actual use by a defendant, that makes the equipment heavy equipment. *Page 8 
 {¶ 23} Finally, the conclusion we reach today is grounded in logic and common sense. Whether equipment is "heavy equipment" or not depends on whether it is the type of equipment that is used for business purposes. That is determined at the time of its manufacture, not its actual use by a defendant. If we were to take appellant's argument to its logical conclusion, he could store a bulldozer in his front yard indefinitely by simply alleging that he plans to use it to plant a rose bush. It would strain logic and common sense to conclude the Weathersville Township Zoning Commission intended such an absurd result. Ravenna TownshipTrustees, supra.
 {¶ 24} For the reasons stated in the Opinion of this court, the assignment of error is not well taken. It is the judgment and order of this court that the judgment of the Niles Municipal Court is affirmed.
MARY JANE TRAPP, J., concurs,
COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.