[Cite as *Soplata v. Endres*, 2013-Ohio-4424.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| LOUIS SOPLATA, TRUSTEE, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2012-G-3116** |
| KAREN ENDRES, ZONING INSPECTOR, et al., | : | |
| | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 11M000898.

Judgment: Affirmed.

*Paul A. Newman*, Newman & Brice, L.P.A., 214 East Park Street, Chardon, OH 44024 (For Plaintiff-Appellant).

*James R. Flaiz*, Geauga County Prosecutor, and *Susan T. Wieland*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024, and *Abraham Cantor*, Johnnycake Commons, 9930 Johnnycake Ridge Road, Suite 4-F, Concord, OH 44060 (For Defendants-Appellees).

THOMAS R. WRIGHT, J.

{¶1} This accelerated-calendar appeal is from a final judgment of the Geauga County Court of Common Pleas. The trial court ruled in favor of appellees, Newbury Township, the Newbury Zoning Commission, and Karen Endres, Newbury Zoning Inspector, on all pending claims in the action and enjoined appellant, Louis Soplata, from occupying a dwelling on real property. Appellant contends that the issuance of the

injunction cannot stand because the provisions of the Newbury Township Zoning Resolution were not applicable to the disputed property.

{¶2} The trial court's final judgment was solely based upon stipulations of facts and exhibits submitted by the parties.

{¶3} Appellant presently owns two parcels of land at 14840 Highview Avenue in Newbury Township. These parcels are located in the Restful Lake Subdivision. In turn, the subdivision is owned by the Restful Lake Association, a private corporation, currently in good standing with the state of Ohio.

{¶4} Appellant's parcels are also located in an unincorporated area of Newbury Township. Under the provisions of the township zoning resolution, the two parcels are zoned for residential use. When appellant purchased the land in September 2010, the parcels contained a dwelling which was built prior to the original enactment of the township zoning resolution. However, because the dwelling has not been inhabited since 1991, it is not considered a nonconforming use under the governing law.

{¶5} Appellant bought the property with the purpose of rebuilding the dwelling. Within one month of the purchase, he filed an application with Newbury Township for a zoning permit to go forward with the project. In November 2010, though, the township zoning inspector, Karen Endres, denied his application. Appellant never filed an appeal of the inspector's decision with the Newbury Township Board of Zoning Appeals.

{¶6} Despite the lack of a zoning permit and the necessary permits from certain Geauga County agencies, appellant proceeded to reconstruct the existing dwelling. In doing so, he increased the structure's value more than 60 percent of its replacement worth, thereby violating another provision of the township zoning resolution.

{¶7} In August 2011, appellant filed the underlying action against the township, its zoning commission, and Inspector Endres. For his relief under his single claim, he sought a declaratory judgment that the township officials lacked the authority to enforce any zoning laws on his two parcels. In addition to alleging that Inspector Endres' denial of his zoning application was improper, appellant asserted that he had not been legally obligated to submit such an application.

{¶8} In conjunction with their answer, the three township defendants brought a counterclaim against appellant, seeking an injunction to prohibit him from keeping the modified dwelling on the two parcels. Besides alleging that the structure did not comply with specific requirements of the township zoning resolution, the counterclaim asserted that appellant was collaterally estopped from challenging the merits of Inspector Endres' decision.

{¶9} After engaging in limited discovery, the parties stipulated all relevant facts for both pending claims. In light of this, the case was submitted to the trial court for final determination based upon the stipulations and the parties' respective trial briefs.

{¶10} In its final judgment in favor of the township defendants, the trial court first rejected appellant's contention that the zoning resolution was inapplicable to his parcels because his land was located in a subdivision owned by a private corporation. Second, the court found that appellant violated the zoning ordinance by going forward with the reconstruction of the dwelling without a zoning permit. Third, the court concluded that appellant was precluded from challenging Inspector Endres' decision in a declaratory judgment action because he had failed to exhaust his administrative remedies. Accordingly, the court held against appellant on both his declaratory judgment claim and

the township's counterclaim for injunctive relief. Concerning the counterclaim, the trial court ordered appellant to remove the entire existing structure from his property within six months.

{¶11} In appealing the foregoing decision, appellant asserts two assignments of error for review:

{¶12} "[1.] The trial court erred by denying plaintiff/appellant's complaint for declaratory judgment that the zoning was not in effect in the portion of Newbury Township where the land was incorporated territory in 1932, prior to the zoning in 1953.

{¶13} "[2.] The trial court erred when it decided that plaintiff/appellant is precluded from challenging the denial of a zoning certificate because he failed to appeal this denial to the Board of Zoning Appeals."

{¶14} Under his first assignment, appellant challenges the trial court's ruling that he had to comply with the township zoning resolution and obtain a zoning permit prior to going forward with the modifications to the dwelling. He contends the court should have held that the zoning resolution was inapplicable in this instance because his property is located in a subdivision owned by a corporate entity. In support, appellant cites the following language from R.C. 519.02(A), delineating the extent of a township's authority to enact and enforce zoning regulations:

{¶15} "(A) Except as otherwise provided in this section, in the interest of the public health and safety, the board of township trustees may regulate by resolution, in accordance with a comprehensive plan, the location, height, bulk, number of stories, and size of buildings and other structures, including tents, cabins, and trailer coaches, percentages of lot areas that may be occupied, set back building lines, sizes of yards,

4

courts, and other open spaces, the density of population, the size of buildings and other structures, including tents, cabins, and trailer coaches, and the uses of land for trade, industry, residence, recreation, or other purposes in *the unincorporated territory of the township.*"  (Emphasis sic.)

{¶16}  Referencing the italicized wording, appellant submits that the only logical interpretation of R.C. 519.02(A) is that a township's zoning power does not encompass any land which belongs to a corporation.  While acknowledging that a city or village is deemed a public corporate entity under the law, he asserts that "incorporated" territory must be construed to include land owned by a private corporation.

{¶17}  Viewed as a whole, R.C. Chapter 5 delineates provisions that govern the "township" form of local government in Ohio.  Multiple statutes throughout the chapter contain language similar to the "unincorporated territory" phrase in R.C. 519.02(A).  For example, R.C. 505.48 grants township trustees the authority to create a township police district from all or part of the "unincorporated territory" of the township.  Similarly, R.C. 519.11 provides that the proposed zoning resolution for a township must be submitted to the electors who reside in the "unincorporated area" of the township.

{¶18}  The "unincorporated territory" phrase and other similar phrases are also employed in R.C. Chapter 7, which governs the "municipal corporation" form of local government.  For example, in providing for the "merger" of territory into a municipality, R.C. 709.44 states that the "unincorporated area" of a township can be merged into one or more municipal corporations.

{¶19}  Given the number of times the General Assembly has used the disputed phrases throughout the statutory chapters dealing with local governments, the Second

Appellate District has concluded that such phrases are not intended to refer to a specific geographical location. *City of Englewood v. Village of Clayton*, 2nd Dist. Montgomery No. 16219, 1997 Ohio App. LEXIS 578, *41. Instead, the phrases "unincorporated territory" and "unincorporated area" are intended to designate the regions within an Ohio county that constitute a separate political subdivision known as a "township." *Id.*

{¶20} Although not expressly stated in *Englewood*, its holding was clearly based upon the fact that the term "township" has two common meanings in the context of R.C. Chapters 5 and 7: (1) the term refers to a geographical area of land which lies within the territorial limits of a county of our state; and (2) the term refers to one of the three forms of local government recognized under the Revised Code. Furthermore, given that the territorial limits of many municipal corporations often lie within the geographical limits of a township, there is a need to distinguish between those regions with the "township" that are governed by a municipal form of government and those regions that are governed by a township form of government. In using the phrases "unincorporated territory" and "unincorporated area," the Ohio General Assembly is providing a different designation for those regions inside the geographical area which are governed under a "township" administration; i.e., those regions which do not also lie within the confines of a municipal corporation.

{¶21} The subject matter of R.C. Chapters 5 and 7 are expressly limited to the creation and functioning of township governments and municipal governments. To the extent that the chapters contain any reference to matters pertaining to corporate law, it relates exclusively to the existence of both villages and cities as municipal corporations. *See, e.g.,* R.C. 707.01 and 707.29, which set forth the procedure for the incorporation of

villages and cities. Moreover, neither chapter has any provision stating that real estate held by a private corporation is exempt from township zoning or municipal zoning.

{¶22} In construing the meaning of a statutory provision, Ohio courts are required to read all words and phrases in context. *Bergman v. Monarch Construction Co.*, 124 Ohio St.3d 534, 2010-Ohio-622, ¶16, quoting R.C. 1.42. In addition, courts have a duty to construe statutes in such a manner as to avoid ridiculous or absurd results. *State v. Phillips*, 11th Dist. Trumbull No. 2008-T-0036, 2008-Ohio-6562, ¶13.

{¶23} When read in context of R.C. 519.02 and the entire statutory schemes for township and municipal governments, the use of the phrase "unincorporated territory of the township" is only intended to signify that a township's authority to enforce zoning regulations apply solely to land which does not lie within the territorial limits of a village or city. In this regard, R.C. 519.02(A) was only meant to delineate the general scope of the zoning power, not to set forth any exceptions. Compare R.C. 519.21(A), in which it is indicated that a board of township trustees lacks the authority to prohibit the use of any land for agricultural purposes.

{¶24} Furthermore, appellant's proposed interpretation of R.C. 519.02 would lead to an absurd result. That is, if land owned by a private corporation were always exempt from township zoning, a corporate business would have the ability to purchase property in a residential district and use the land for an industrial purpose. Such a result would obviously defeat the primary goal of zoning; i.e., segregating different uses of land into discrete areas.

{¶25} In light of the foregoing interpretation of R.C. 519.02(A), the fact that the disputed parcels of land were located in a subdivision owned by a private corporation

7

did not exempt them from the provisions of the Newbury Township Zoning Resolution. For this reason, appellant's first assignment lacks merit.

{¶26} Under his second assignment, appellant contests the trial court's separate determination that a declaratory judgment action was not the appropriate proceeding for challenging the application of the township zoning resolution to his parcels. He argues that, even though he did not pursue any administrative remedies, he still was entitled to maintain the separate action because it would have been impossible for him to obtain adequate relief in an administrative proceeding. According to him, the board of zoning appeals does not have the authority to decide if he was exempted from all zoning as a result of the ownership of the subdivision.

{¶27} As noted above, appellant brought the declaratory judgment case after the township zoning inspector denied his application for a zoning permit. As a general proposition, a township board of zoning appeals does have the jurisdiction to consider an appeal from any ruling made by a township administrative official. R.C. 519.14(A). In turn, R.C. 2506.01 specifically allows for a direct appeal from a decision of a township board to the court of common pleas. Therefore, certain administrative remedies were available to appellant.

{¶28} On the other hand, it is well-settled under Ohio law that the availability of a R.C. Chapter 2506 appeal does not necessarily preclude the institution of a declaratory judgment action by a property owner. *See, e.g.*, *Driscoll v. Austintown Assoc.*, 42 Ohio St.2d 263, 268-269 (1975). However, in the context of a zoning dispute, the basic scope of the declaratory judgment action is limited to determining whether the zoning resolution is constitutional as applied to the subject property. *Fulmer v. Randolph Twp.*,

8

11th Dist. Portage No. 1815, 1988 Ohio App. LEXIS 3967, *7, quoting *Karches v. Cincinnati*, 38 Ohio St.3d 12, 16 (1988). In light of this precedent, property owners are precluded from asserting non-constitutional issues, such as exemption from the township zoning resolution, in a declaratory judgment action. *Waliga v. Coventry Twp.*, 9th Dist. Summit No. 22015, 2004-Ohio-5683, ¶13, 17.

{¶29} In applying R.C. 519.14(A), a board of zoning appeals has the authority to interpret the provisions of the zoning resolution as part of an appeal from a zoning inspector's decision. *The Weber Co. v. Chester Twp. Bd. of Trustees*, 11th Dist. Geauga No. 959, 1981 Ohio App. LEXIS 14556, *3-4. Given that the ability to render a quasi-judicial determination necessarily entails the authority to interpret any applicable law, the board's authority to interpret or construe would obviously extend to any relevant statute, such as R.C. 519.02(A). Essentially, it is appellant's position that, due to their particular characteristics, his two parcels could not be subject to township zoning. This type of issue is inherently different than a query as to the constitutionality of the zoning resolution. Instead, the issue is more akin to a dispute regarding a nonconforming use, a dispute which such a board clearly has the authority to resolve.

{¶30} Moreover, once the board of zoning appeals disposed of appellant's "exemption" argument, he could have then appealed the matter to the trial court under R.C. 2506.01. In this respect, appellant would have been following the same procedure that a property owner is required to employ when he has been denied a zoning permit or a variance. Additionally, there is nothing to indicate that any difficulties appellant may have encountered in pursuing these administrative remedies would have been any more onerous than the difficulties any property owner faces in seeking review of a

zoning inspector's ruling.

{¶31} Given that a declaratory judgment action can only be employed to assert specific constitutional challenges to a zoning decision, the trial court properly held that appellant was obligated to raise his "exemption" argument in an administrative appeal from the denial of the zoning permit. Therefore, since appellant's declaratory judgment claim could have been denied on that basis alone, his second assignment of error also lacks merit.

{¶32} Because neither of appellant's two assignments have merit, it is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

10