[Cite as *State v. Mancini*, 2020-Ohio-990.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2019-T-0045** **2019-T-0046** |
| DARREN E. MANCINI, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Warren Municipal Court.
Case Nos. 2019 TRC 000477 & 2019 CRB 000263.

Judgment: Reversed and remanded.

*Gregory Hicks*, Warren City Law Director, 391 Mahoning Avenue, N.W., Warren, OH 44483 (For Plaintiff-Appellee).

*Michael McGee*, Harrington, Hoppe & Mitchell, Ltd., 108 Main Avenue, S.W., Suite 500, Warren, OH 44481 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Darren E. Mancini ("Mancini"), appeals a judgment in the Warren Municipal Court refusing to entertain his appeal of the Administrative License Suspension ("ALS") imposed as a result of an alleged refusal to submit to a urine test with regard to a charge of driving under the influence. We reverse the trial court's judgment.

{¶2} The facts relevant to the imposition of the ALS are as follows:

{¶3} Mancini was pulled over on February 4, 2019, by State Highway Trooper Matthew Soeder. Mancini was charged with obstructing official business in case No. 2019 CRB 000263; as well as (1) driving under the influence and (2) a tail light offense under R.C. § 4513.05 in case No. 2019 TRC 000477. Because he is alleged to have refused a urine test, an ALS was imposed with regard to Mancini's driver's license.

{¶4} On February 6, 2019, Mancini appealed the ALS following his arraignment. He claimed as cause for the appeal that he did not refuse to take a urine test and therefore should not have been subjected to an ALS. On February 11, 2019, Mancini filed a motion for an expedited ALS hearing, which was set for February 26, 2019.

{¶5} According to the record, a pretrial was held on February 26, 2019 where the trial court stayed the ALS and dismissed a "motion to quash the ALS" without prejudice. The record does not reflect whether any substantive hearing was held on the validity of imposing the ALS. Mancini claims on appeal to this court that he was not afforded an opportunity at the February 26, 2019 hearing to present evidence in support of terminating the ALS.

{¶6} On April 26, 2019, Mancini filed a motion to compel discovery and a motion to dismiss the criminal charges against him. The motion asserted the State had failed to provide the following discovery under Crim.R. 16 despite several demands:

> 1. Handwritten statement by Trooper Soeder's supervisor and/or sergeant on the date of the incident signed by the defendant, wherein Mr. Mancini advised the supervisor that he did not refuse the urine test;
>
> 2. Photographs taken of the defendant's wrists with marks, swelling, and/or bruising from the Trooper's handcuffs;

2

3. All video and audio recordings from the State Highway Patrol Barracks and/or Police Station where the conversations concerning the urine test took place;

4. The names of all Troopers on duty at the State Highway Patrol Barracks/Police Station on the night of the incident;

5. Copy of all internal reports, memoranda, notes, and other writings of the Ohio State Highway Patrol for internal use, regarding Darren Mancini and the incident which took place on February 3 and February 4, 2019.

{¶7} On June 7, 2019, the trial court dismissed all three criminal charges against Mancini as a sanction against the State after finding that "the state has failed to comply with its previously issued discovery order." On July 9, 2019, a final pretrial was held. At that time, counsel for Mancini reiterated his request for an evidentiary hearing on the ALS. After the trial court dismissed the criminal charges, the following exchange occurred regarding the ALS:

> [Counsel for Mancini]: Your Honor, the automatic [sic throughout] license suspension in this case, ah, was started as part of the DVI [sic]. We filed an appeal of the ALS, and it was stayed. We haven't had a hearing on the ALS, whether it's terminated or impose it, um, and we would ask the Court—we move the Court to terminate the automatic license suspension, at this time. The DUI's been dismissed, the obstructing has been dismissed; everything's been dismissed, in all the criminal charges, relating to this incident. * * * So, um, at this time, Your Honor, because all the criminal charges have been dismissed, we request that the Court terminate the automatic license suspension. Thank you.
>
> [The Court]: Okay. This was a refusal case; correct?
>
> [Counsel for Mancini]: It's an alleged refusal, Your Honor. My client wishes to have the opportunity to testify that he did not, in fact, refuse and stated that he would take the test, at an ALS hearing.
>
> [The Court]: Well, I understand where you're coming from. This is an administrative action that was undertaken without any authority of Court. It's a provision that's built into Ohio law, for better or for

3

worse. It's what the legislator has done. When I dismiss a case, I will not entertain that motion. The case is dismissed; the ALS stands every license[d] driver in the State of Ohio, when they sign for their license, signs for a consent that upon demand they shall take that test. That's outside the court arena, and the suspension was outside the court arena, the case has been dismissed, and I'm not going to grant it.

{¶8} Mancini filed timely notices of appeal to this court and raises two assignments of error. This court granted Mancini's motion to consolidate Eleventh District Court of Appeals Case Numbers 2019-T-0045 (2019 TRC 000477) and 2019-T-0046 (2019 CRB 000263) for all purposes. Additionally, the State did not file an appellate brief in this case.

{¶9} Mancini's first assignment of error states:

The Trial Court erred when it failed to afford Defendant-Appellant with a hearing on the Automatic [sic] License Suspension within five days of the date of the arrest.

{¶10} Appeal of an ALS is provided by statute under R.C. 4511.197(A), which states in pertinent part:

If a person is arrested for operating a vehicle * * * in violation of division (A) or (B) of section 4511.19 of the Revised Code * * * and if the person's driver's or commercial driver's license or permit or nonresident operating privilege is suspended under sections 4511.191 and 4511.192 of the Revised Code, the person may appeal the suspension at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the person's initial appearance on that charge, in the court in which the person will appear on that charge.

{¶11} Regarding statutory interpretation, we have previously stated:

"This court reviews a trial court's interpretation and application of a statute under a de novo standard of appellate review." *State v. Phillips*, 11th Dist. Trumbull No. 2008-T-0036, 2008-Ohio-6562, ¶11 (citations omitted). "Statutory interpretation involves a question of law; therefore, we do not give deference to the trial court's determination." *Id.* The cornerstone of statutory interpretation is

4

legislative intention. *State ex rel. Francis v. Sours*, 143 Ohio St. 120, 124 (1944). In order to determine legislative intent, it is a cardinal rule of statutory construction that a court must first look to the language of the statute itself. *Provident Bank v. Wood,* 36 Ohio St.2d 101 (1973). "If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary." *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545 (1996). A court may interpret a statute only where the words of the statute are ambiguous. *State ex rel. Celebrezze v. Allen Cty. Bd. of Commrs.*, 32 Ohio St.3d 24, 27 (1987).

*State v. Owen*, 11th Dist. Lake No. 2012-L-102, 2013-Ohio-2824, ¶17.

{¶12} "Ohio courts have invariably considered errors in the initial imposition or review of an ALS as potential due process violations[.]" *Toledo v. Levi*, 6th Dist. Lucas No. L-12-1003, 2013-Ohio-52, ¶8, citing *State v. Gibson*, 144 Ohio Misc.2d 18, 2007-Ohio-6069 (failure to provide timely post-deprivation hearing deprives defendant of due process as related to the ALS); and *State ex rel. Igoe v. Grogan*, 8th Dist. Cuyahoga No. 73383, 1997 WL 781798, *2 (Dec. 18, 1997) ("Clearly, the relator possesses a right to an ALS review hearing and the respondent possesses a legal duty to provide such an ALS review hearing"); *see also State v. Katz*, 5th Dist. Delaware No. 09CAC030028, 2009-Ohio-5803, ¶25 ("Implicit in the statute is the right to an evidentiary hearing.").

{¶13} In *Katz,* the Fifth Appellate District found as follows:

'We have read R.C. 4511.197, and find the statute does not expressly set forth the procedure a trial court is to follow in reviewing an appeal of an administrative license suspension. The statute clearly provides for an appeal as a means to seek relief from an administrative license suspension. We find inherent in an ALS appeal is an opportunity for an individual to be heard. The statute expressly places the burden of proof of a *preponderance of the evidence* on the person appealing the ALS. Here the appellant was denied both.'

5

*Katz, supra,* at ¶ 22 (emphasis sic), quoting *State v. Norman*, 5th Dist. Knox No. 2005CA00022, 2005-Ohio-5791, ¶17. That court went on to state that "the lack of any mention or order relative to the ALS appeal is tantamount to a denial of appellant's right to a hearing pursuant to R.C. 4511.197." *Id.* at ¶26.

{¶14} We agree with the Fifth Appellate District that implicit in the statute is the right to an evidentiary hearing. As was the case in *Katz*, the State has not responded with a brief contradicting this conclusion.

{¶15} The trial court set a hearing on Mancini's ALS appeal for February 26, 2019. At that hearing, the trial court stayed the ALS. The record does not indicate a full evidentiary hearing regarding the ALS appeal was held on that date from which the court could make a factual determination as to whether all conditions under R.C. 4511.197(C) were satisfied. Appellant has consistently maintained that he did not, in fact, refuse to take the test. The failure of the trial court to allow a hearing on that issue was error.

{¶16} Mancini's first assignment of error has merit.

{¶17} Mancini's second assignment of error states:

> The trial court erred when it failed to dismiss and/or cancel the ALS due to the fact that Defendant-Appellant never refused a chemical test.

{¶18} "[W]hen a defendant is acquitted of the underlying criminal complaint, the ALS for refusal to take the test does not terminate. A defendant would then have the opportunity to appeal the suspension. R.C. 4511.197(D)." *State v. Downs*, 11th Dist. Ashtabula No. 2004-A-0029, 2005-Ohio-2520, ¶5, fn. 1. "'[A]n appeal of an ALS is a civil proceeding, and appellant bears the burden of proving, by a preponderance of

6

evidence, that the conditions for an ALS have not been met.'" *Eastlake v. Komes*, 11th Dist. Lake No. 2009-L-096, 2010-Ohio-2411, ¶11, quoting *State v. Williams*, 11th Dist. Portage No. 2001-P-0112, 2002-Ohio-6920, ¶10, citing R.C. 4511.191(H)(2) [now R.C. 4511.197(D)].

{¶19} "'When a person appeals an ALS before the trial court, the scope of that appeal is limited to:

> '(1) whether the officer had reasonable grounds to believe that the defendant was driving under the influence of alcohol or with a prohibited concentration of alcohol in the blood, breath, or urine;
>
> '(2) whether defendant was placed under arrest;
>
> '(3) whether the officer requested the defendant to submit to a chemical test;
>
> '(4) whether the officer informed the defendant of the consequences of either refusing the test or of submitting to it; and
>
> '(5) whether the defendant refused to submit to the test or failed it.'

*Id.* at ¶16-17, quoting *Williams*, *supra*, at ¶9 and R.C. 4511.197(C).

{¶20} "The defendant bears the burden of proving, by a preponderance of the evidence, that a condition was not satisfied and that his suspension should be terminated. This is a factual determination and, therefore, unless there is no competent or credible evidence to support the trial court's judgment, we must affirm its decision." *State v. Haghighi*, 11th Dist. Portage No. 96-P-0012, 1996 WL 535243, *2 (Aug. 30, 1996), citing R.C. 4511.191(H)(2) [now R.C. 4511.197 (D)] and *Andrews v. Turner*, 52 Ohio St.2d 31, 38 (1977).

{¶21} Because the trial court failed to hold a hearing on the ALS appeal, no factual determination was made as to whether Mancini refused to take a urine test.

7

Therefore, this court cannot determine from the record, before an evidentiary hearing is conducted, whether the ALS should have been terminated.

{¶22} At this time, it would be premature to determine whether the trial court erred in failing to dismiss the ALS. Mancini's second assignment of error is without merit.

{¶23} The judgment of the Warren Municipal Court is reversed, and the matter is remanded for a hearing in accordance with R.C. 4511.197.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.

8