[Cite as *Ravenna Twp. Bd. of Trustees v. Ravenna*, 2024-Ohio-892.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| BOARD OF TRUSTEES FOR RAVENNA TOWNSHIP, PORTAGE COUNTY, OHIO, | CASE NO. 2023-P-0042 |
| Plaintiff-Appellant, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| CITY OF RAVENNA, PORTAGE COUNTY, OHIO, | Trial Court No. 2021 CV 00325 |
| Defendant-Appellee. | |

## O P I N I O N

Decided: March 11, 2024
Judgment: Reversed and remanded

*Chad E. Murdock*, P.O. Box 334, Rootstown, OH 44272 (For Plaintiff-Appellant).

*Frank J. Cimino*, City of Ravenna Law Director, 250 South Chestnut Street, Suite 18, Ravenna, OH 44266 (For Defendant-Appellee).

ROBERT J. PATTON, J.

{¶1} Plaintiff-Appellant, the Board of Trustees of Ravenna Township ("Township"), appeals the decision of the Portage County Court of Common Pleas, which granted Defendant-Appellee's, City of Ravenna ("City"), motion for summary judgment. For the following reason, we reverse and remand.

{¶2} Factually, in 1993, the Portage County Commissioners granted the City's request to secede from Ravenna Township through Resolution 1993-660. The Commissioners also formed Tappen Township. Apart from the City and the newly-created

Tappen Township, the Township remained the same. *Ravenna Twp. Trustees v. City of Ravenna*, 117 Ohio App.3d 152, 153, 690 N.E.2d 49 (11th Dist.1997).

{¶3} Due to a series of annexations, a portion of the Township which included Maple Grove Cemetery became surrounded by the City. In 1994, the Township filed a declaratory judgment action seeking a declaration that the City owned Maple Grove Cemetery and was responsible for care and maintenance in accordance with R.C. 759.08. The trial court agreed and concluded that Maple Grove Cemetery was owned by the City. This Court affirmed that decision on January 2, 1997. *Id.* at 52.

{¶4} On January 1, 1997, the Township and the City entered into an agreement to form a union cemetery pursuant to R.C. 759.27 ("Agreement"). The Agreement was to "continue in perpetuity unless such term is modified by the parties in accordance with this contract." The Agreement also contained a termination clause which provided that the Agreement could be terminated "only by agreement of the Parties * * *." This Agreement has remained in place since 1997.

{¶5} According to the Township, in 2017, another public cemetery, Grandview Cemetery ("Grandview"), was transferred to the Township. Due to the Township acquiring a second public cemetery, the Township sent a letter to the City requesting the City's consent to withdraw from the Agreement pursuant to R.C. 759.39 on June 5, 2020. The Township claims the City did not respond to the letter.

{¶6} On June 3, 2021, the Township filed a Complaint against the City seeking declaratory judgment. The Township asserted that its "commitment to the Maple Grove Agreement, based at least in part on a mistaken belief that it needed a public cemetery, (a) has become frustrated or (b) is against public policy such that [the] Agreement no

2

longer binds the Township; or whether the Township's 45% contribution is fair and reasonable." Specifically, the Township sought a declaration that "the Township has the right to cancel or at least phaseout of the * * * Agreement * * *," or in the alternative, "that the Township may limit its contribution under the * * * Agreement to an amount the [Township]'s general fund could reasonably support in light of its other financial obligations * * *."

{¶7}   On March 31, 2023, the City filed a motion for summary judgment. The City claims that pursuant to R.C. 759.39, the Agreement cannot be altered or terminated unless the City consents. The Township opposed the motion on May 10, 2023. On May 30, 2023, the trial court granted the City's motion and concluded, "[i]t is clear that pursuant to O.R.C. Section 759.39, there can be no modification of the contract relating to the dissolution of the union cemetery without the consent of the City. The City does not consent."

{¶8}   The Township appeals and raises the following assignment of error: "[t]he trial court committed prejudicial error in granting the City's motion for summary judgment because under the circumstance of the Grandview Cemetery, the Township is entitled to equitable relief from the Agreement. (T.d.29)"

{¶9}   "A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review." *McFadden v. Discerni*, 2023-Ohio-1086, 212 N.E.3d 412, ¶ 12 (11th Dist.), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." *Id.*, quoting *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-

3

0014, 2011-Ohio-5439, ¶ 27. "While it is true that an appellate court reviews a trial court's summary judgment decision de novo, we will not consider issues raised in summary judgment proceedings that the trial court failed to rule on." *Tree of Life Church v. Agnew*, 7th Dist. Belmont No. 12 BE 42, 2014-Ohio-878, ¶ 27, citing *Conny Farms, Ltd. v. Ball Resources, Inc.,* 7th Dist. Columbiana No. 09 CO 36, 2011-Ohio-5472, ¶ 15.

{¶10}  The union cemetery was formed pursuant to R.C. 759.27, et seq. in 1997 and continues to the present date. These statutes authorize the formation of the union cemetery and outlines the procedure for the control and management of the cemetery, the funding obligations, as well as a mechanism to withdraw from a union cemetery. R.C. 759. 39 states:

> A municipal corporation or township united with other municipal corporations or townships in the establishment or control of a union cemetery, or both, may, by a resolution of the legislative authority of the municipal corporation or of the board of township trustees and *with the consent* of the legislative authorities of the remaining municipal corporations and the boards of the remaining townships, withdraw from the management and control of such cemetery and relinquish interest therein. Thereupon the cemetery shall be under the management and control of the remaining municipal corporations and townships. (Emphasis added).

{¶11}  The Agreement further provides that the Agreement can be terminated "only by agreement of the Parties* * *."  The Township does not contest that the statute provides a means to withdraw from a union cemetery. However, the Township asserts that it should be permitted to withdraw from the union cemetery on other grounds. Specifically, the Township alleges that the purpose of the Agreement has become frustrated when the Township acquired Grandview, and that the financial obligations related to the maintenance of Grandview, in addition to the financial obligations under the Agreement,

4

Case No. 2023-P-0042

is causing financial strain which will eventually place the Township in a "fiscal watch." The Township has estimated this financial crisis could occur as early as 2026. In addition to these claims, the Township further asserts that the Agreement is against public policy. The Township also argues that the Agreement, which is written in perpetuity, should not be considered binding because it requires future Township Boards to adhere to the terms of the Agreement, as negotiated by a past board, without meaningful recourse.

{¶12} The City disagrees and claims that pursuant to R.C. 759.39, the Agreement cannot be altered or terminated unless the City consents. The trial court agreed and determined that no genuine issue of material fact existed as to the Township's desire to withdraw from the contract because of the lack of consent from the City. The trial court did not address frustration of purpose, mistake of fact, public policy, or any other argument raised by the Township in its decision granting summary judgment in favor of the City. In other words, the trial court determined that the statute foreclosed the applicability of any other contract law principle.

{¶13} "Statutes are to be read and construed with reference to the principles of the common law and are not to be presumed to have intended a repeal of the settled rule of the common law unless the language employed clearly expresses or imports such intention." *Frantz v. Maher*, 106 Ohio App. 465, 471-72, 155 N.E.2d 471, (2nd Dist.1957), citing *State ex rel. Morris v. Sullivan*, 81 Ohio St. 79, 90 N.E. 146, (1909). If the General Assembly intends to abrogate common-law rules, such intention must be "manifested by express language." *Id.* In other words "[t]here is no repeal of the common law by mere implication." *Id.*

Case No. 2023-P-0042

{¶14} While the parties agree that the statute requires consent to "withdraw from the management and control of such cemetery and relinquish interest therein," the statute does not prohibit the application of other common law contract principles. Because the trial court did not address whether alternative methods exist for the termination, rescission, or modification of the contract as raised by appellant, this court is unable to review the trial court's decision granting summary judgment. As such, the trial court's order granting summary judgment in favor of the City must be reversed.

{¶15} For the reasons stated above, the judgment of the Portage County Court of Common Pleas is hereby reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2023-P-0042