SYLVESTER, APPELLANT, *v.* HOWLAND TOWNSHIP BOARD OF ZONING APPEALS, APPELLEE.

(No. 3676—Decided December 29, 1986.)

*Regina M. Vanvorous,* for appellant.

*Fred C. Zimmer,* for appellee.

COOK, J. Jacquelyn E. Sylvester sought a zoning certificate from the Zoning Inspector for Howland Township to place a mobile home with the requisite square footage, less its wheels and springs, on a concrete block foundation on her lot located in a residential zone of the township. The zoning inspector refused her application because the Howland Township zoning ordinance prohibited the placement of a mobile home on property in the residential zone in which Sylvester's property was located.

Sylvester appealed the decision of the zoning inspector to the Howland Township Board of Zoning Appeals which affirmed the denial of the zoning certificate. Sylvester appealed this decision to the Trumbull County Court of Common Pleas which, after a hearing, affirmed the decision of the board of zoning appeals.

Sylvester has appealed the judgment of the common pleas court and has filed the following two assignments of error:

"1. The lower court erred as a matter of law to the prejudice of appellant in affirming the judgment of

the appellee Howland Township Board of Zoning Appeals.

"2. The lower court erred as a matter of law to the prejudice of appellant in refusing to admit as evidence the document attached as Exhibit 'A' to appellant's motion to supplement the record."

The first assignment of error is well-taken, but the second assignment of error is without merit.

Appellant first contends that the zoning authority should have permitted her to place her residence structure on her property to serve as a single-family dwelling because it will have no indicia of mobility and will no longer be prohibited by the Howland zoning regulations as they pertain to residential property. Thus, appellant argues that appellee cannot refuse to issue a zoning permit on the basis that prior to any placement on the appellant's land, her residence was a mobile home. Appellant maintains that if she meets all other township zoning requirements for a permanent residential structure, such as square footage requirements, foundation, water and sewer, etc., then appellee must issue her a zoning permit regardless of the fact that her residence was once a mobile home.

In *Garland v. Emerine* (May 22, 1978), Trumbull App. No. 2516, unreported, this court was faced with a similar question. In finding that the mobile home in the *Garland* case would have become a permanent structure on the real estate in question, this court reasoned:

"* * * [W]e hold that the Braceville Township Zoning Resolution constitutes an attempt to prohibit a use of a residence structure not based upon its condition in Braceville Township, but upon its original mobility at the place of manufacture. The enforceability of the regulation must be based on a condition existing at the situs in the political subdivision so regulated and not upon the condition of the structure at some prior time. The proposed residence structure involved, with its mobility removed and with the structure placed upon a permanent foundation and affixed to the property, meets all the health, safety, and moral requirements of the resolution." *Id.* at 3. See, also, *State, ex rel. Hodgson,* v. *Belleville* (Jan. 31, 1972), Trumbull App. No. 1992, unreported.

Applying that reasoning to the case at bar, we conclude that the nature of a proposed residence structure is determined based on conditions existing at the situs of the political subdivision. Accordingly, in the instant cause, the nature of appellant's proposed residence structure should have been determined by the zoning inspector based upon its condition existing at the situs in Howland Township. If the mobility of the proposed residence structure does not exist at the situs of the political subdivision, then said residence structure could not be classified as a mobile home.

If appellant makes every effort to comply with the Howland Township zoning ordinance as to the proper sewer, plumbing and electric facilities for the residence, square footage of space, as well as arranging for a permanent foundation to be laid for the structure, she should be permitted to place the immobilized proposed structure on said foundation.

Our conclusion that the immobilized proposed structure is no longer to be considered a mobile home for zoning purposes is in accord with the definition of "mobile home" as set forth in the Howland zoning ordinance at page 35:

"A MOBILE HOME means a manufactured, *relocatable,* single-family dwelling unit suitable for year-round occupancy, containing a water supply, waste disposal and heating system,

and electrical conveniences." (Emphasis added.)

In the instant cause, with the wheels, tongue, axles, springs and carriages removed, the structure is no longer relocatable and thus not mobile.

We find, therefore, that the proposed structure in the case at bar is not a mobile home, and that appellant should have been granted a permit to place the structure on her lot, provided she met all the other requirements for a family dwelling as set forth in the Howland Township zoning ordinance. Appellant's first assignment of error is sustained.

Appellant next contends that the trial court erred in excluding as evidence "Rules Governing Installation of a Mobile Home as a Permanent Residence," as attached to appellant's motion to supplement the record. Appellant asserts that, in the interest of justice, the above document should have been admitted into evidence. Appellant's argument is without merit.

R.C. 2506.03 provides that the hearing of an appeal from the board of zoning appeals shall proceed as in the trial of a civil action, but that the court shall be confined to the transcript as filed, pursuant to R.C. 2506.02, unless it appears on the face of the transcript or by affidavit that one of the reasons for permitting additional evidence set forth in R.C. 2506.03 applies. Appellant does not demonstrate that the document in question should have been added to the record pursuant to any of the reasons set forth in R.C. 2506.03, nor did she file an affidavit illustrating this point. As the document in question cannot be categorized as an exception to R.C. 2506.03, the trial court correctly refused to admit the document into evidence. Appellant's second assignment of error is overruled.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

DAHLING, P.J., and LYNCH, J., concur.

LYNCH, J., retired, of the Seventh Appellate District, sitting by assignment.