VILLAGE OF MOSCOW, Appellant,

v.

SKEENE, Appellee.

[Cite as *Moscow v. Skeene* (1989), 65 Ohio App.3d 785.]

Court of Appeals of Ohio,
Clermont County.

No. CA89–06–053.

Decided Dec. 29, 1989.

*Rice & Ladrigan Co., L.P.A.,* and *Paul D. Rice,* for appellant.

*Swain, Hardin & Hill* and *Jay Hill,* for appellee.

*Per Curiam.*

This case is before this court on appeal from a judgment of the Clermont County Court of Common Pleas which reversed the denial of a zoning permit for a manufactured home unit by the village of Moscow Board of Zoning Appeals.

On May 20, 1988, defendant-appellee, Dennis Skeene, filed an application for a zoning certificate with plaintiff-appellant, village of Moscow, requesting a zoning permit to construct a one-story residence of the manufactured variety on a permanent foundation. This application was denied by Moscow's zoning inspector, David W. Sturgeon, on May 23, 1988. Skeene appealed this denial

to the board of zoning appeals, which resulted in a hearing set for June 8, 1988. However, on May 27, 1988, Moscow filed a complaint in the Clermont County Court of Common Pleas requesting that Skeene be permanently enjoined from placing his single-wide mobile home unit upon a certain lot situated within Moscow.

At the June 8 hearing, Skeene presented evidence by way of a "data plate" certifying that the unit in question was manufactured in accordance with all applicable federal standards in existence at the time of construction, and that the unit was to be placed upon a permanent foundation absent wheels, axles, and hitch. The board denied Skeene's application for a zoning permit even though he had been granted a flood hazard area development permit for the property and unit in question.

An appeal was filed by Skeene on June 14, 1988 in the Clermont County Court of Common Pleas from the decision of the board of zoning appeals. By an agreed entry filed with the court on November 4, 1988, Moscow's case for injunctive relief and Skeene's appeal from the board of zoning appeals were consolidated.

Moscow maintains that its zoning code specifically excludes mobile homes and manufactured homes from its definition of a dwelling unit for which a zoning permit can be obtained and that, once a mobile home has been brought into the village on wheels, it can never lose its status as a mobile home. Skeene, on the other hand, argues that it does not matter how the unit is transported to the situs and, that once at the situs, it can lose its status as a mobile home.

The court below, in holding that a zoning permit must be issued to Skeene, found that a mobile home can lose its status as a mobile home when wheels, axles, and tongue are detached. Further, the court also found that Skeene's mobile home met applicable federal standards, codified in the National Manufactured Home Construction and Safety Standards Act of 1974, Section 5401 *et seq.*, Title 42, U.S.Code ("Mobile Home Act"), preempting any state or local building code.

Moscow brings this instant appeal, setting forth the following assignments of error:

### First Assignment of Error

"The trial court erred in concluding that the National Manufactured Home Construction and Safety Standards Act of 1974 pre-empts the Village of Moscow's zoning ordinance."

### Second Assignment of Error

"The trial court erred in concluding that a manufactured home can lose its status as a mobile home."

### Third Assignment of Error

"The trial court erred in concluding that the Village of Moscow may not enact a zoning ordinance regarding the zoning of mobile homes."

In its appeal, Moscow has mischaracterized the decision of the trial court, which concluded that a zoning permit must be issued to Skeene since a mobile home can lose its status as a "mobile home." The lower court never held that the Mobile Home Act preempted Moscow's zoning ordinance or that Moscow could not legally enact a zoning ordinance in connection with the land use of mobile homes. Accordingly, we will hereinafter discuss Moscow's appeal in terms of its second assignment of error concerning the classification and status of a "mobile home."

■ Moscow's zoning ordinances allow "single-family dwellings" in residential "A" districts. See Village of Moscow Zoning Code Section 820, 1–1. "Dwelling" for purposes of residential land use is defined as:

"Any building or structure (except a house trailer or mobile home as defined by Ohio Revised Code Section 4501.01) which is wholly or partially used or intended to be for living or sleeping by one or more human occupants."

R.C. 4501.01(L), which was in effect at the time of the zoning code's adoption in 1977, defined "house trailer" as:

"Any non-self propelled vehicle so designed, constructed, reconstructed, or added to by means of accessories in such manner as will permit the use and occupancy thereof for human habitation, when connected to indicated utilities, whether resting on wheels, jacks, or other temporary foundation *and used or so constructed as to permit its being conveyed upon the public streets or highways.*" (Emphasis added.)

Likewise, the zoning code itself defines a "mobile home" as follows:

"Any non-self-propelled vehicle so designed, constructed, reconstructed, or added to by means of accessories in such manner as will permit the use and occupancy thereof for human habitation, when connected to utilities, whether resting on wheels, jacks, blocks, or other temporary foundation *and used or so constructed as to permit its being used as a conveyance upon the public streets or highways and exceeding gross weight of four thousand five hundred (4,500) pounds and an overall length of thirty (30) feet.*" (Emphasis added.) Village of Moscow Zoning Code Section 820, 2–9.

It is evident to us that Skeene's single-wide mobile home unit is a "single family dwelling" rendering the lower court's order requiring issuance of a zoning permit binding and proper. In support of our conclusion, we find that Skeene's conduct in placing the mobile or manufactured home on a permanent foundation and removing the wheels, axles and hitch, caused the once mobile structure to be transformed into a permanent, residential dwelling.

In *Sylvester v. Holland Twp. Bd. of Zoning Appeals* (1986), 34 Ohio App.3d 270, 518 N.E.2d 36, the Trumbull County Court of Appeals held that the enforceability of a zoning regulation, as applied to a former mobile home, must be based on the condition of the "mobile home" at the situs of the political subdivision so regulated and not upon the condition of the structure at some prior time. The court in that case determined that the structure was not a mobile home, and thus appellant should have been granted a permit to place the structure on her lot provided all other requirements for a family dwelling were met.

Similarly, in the case *sub judice*, Skeene has changed the character of his mobile home from one of mobility into a permanent, stationary structure. The zoning restrictions adopted by Moscow prohibit transportable or mobile structures in a residential area. Village of Moscow Zoning Code Section 820. However, under the facts in these proceedings, Skeene's "mobile" home ceases to have those features which would exclude the structure from a residential area. See *Kelleys Island v. Spinelli* (Nov. 28, 1986), Erie App. No. E–85–45, unreported, 1986 WL 13374. Instead, Skeene's mobile home unit meets the definition of a "single-family dwelling" permitted in a residential "A" district by the zoning code rather than the excluded "mobile home" which displays a temporary or mobile foundation.

Therefore, Skeene's single-wide mobile home unit complies with the zoning code and, as a result, must be issued a zoning permit consistent with this opinion.

The argument advanced by Moscow confuses zoning and building code regulations. In effect, Moscow contends that the court below improperly concluded that the Mobile Home Act, specifically Section 5403(d), preempts local zoning laws. However, the Clermont County Court of Common Pleas, in an order dated June 6, 1989, found that Skeene's mobile home unit complied with Moscow's zoning definition of a "single-family dwelling" and that the federal Mobile Home Act superseded any local building code restrictions concerning the construction and safety of mobile or manufactured homes.

It is the opinion of this court that Section 5403(d) of the Mobile Home Act preempts state and local regulation of mobile or manufactured homes concerning safety and construction. See consent decree in *Ohio Manufactured*

*Hous. Assn. v. Celebrezze* (Feb. 11, 1987), S.D. Ohio No. C2–85–1814, unreported.

■ Zoning regulation is a recognized tool of community planning, allowing a municipality, in the exercise of its legislative discretion, to restrict the use of private property. *Euclid v. Ambler Realty Co.* (1926), 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303. Therefore, unless a zoning regulation is arbitrary, unreasonable, capricious, or in conflict with federal law, it will be upheld as a proper legislative function to ensure the health and safety of the community. R.C. 2506.04; *Dudokovich v. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113; Section 2, Article IV, United States Constitution.

Under the Mobile Home Act, Congress intended to establish federal standards for mobile or manufactured homes. *United States v. Anaconda Co.* (D.C.1977), 445 F.Supp. 486. Accordingly, the Mobile Home Act preempts the field of mobile home construction safety, leaving the land use or zoning aspects to the state and/or local governments. *Brookside Village v. Comeau* (Tex.1982), 633 S.W.2d 790.

Moscow's appeal in this instance is misplaced and unpersuasive. The court below properly found that Skeene complied with and met the local zoning regulation in question. In addition, the court held that federal law codified in the Mobile Home Act preempted state and local regulation of mobile or manufactured homes regarding the construction and safety of said structures. We find Moscow's appeal not well taken and accordingly overrule the assignments of error.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., HENDRICKSON and KOEHLER, JJ., concur.