[Cite as *Green Vision Materials, Inc. v. Newbury Twp. Bd. of Zoning Appeals*, 2014-Ohio-4290.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| GREEN VISION MATERIALS, INC., | : | **O P I N I O N** |
| Appellant, | : | |
| - vs - | : | **CASE NO. 2013-G-3136** |
| NEWBURY TOWNSHIP BOARD OF ZONING APPEALS, | : | |
| Appellee. | : | |

Appeal from the Geauga County Court of Common Pleas, Case No. 12A000360.

Judgment: Affirmed.

*Christopher M. Ernst* and *Gregory J. Lestini,* Bricker & Eckler, LLP, 1001 Lakeside Avenue East, Suite 1350, Cleveland, OH 44114 (For Appellant).

*Abraham Cantor,* Johnnycake Commons, 9930 Johnnycake Ridge Road, #4-F, Concord, OH 44060 (For Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Green Vision Materials, Inc., appeals the judgment of the Geauga County Court of Common Pleas affirming the denial by appellee, Newbury Township Board of Zoning Appeals, of appellant's request for a use variance. At issue is whether appellant was entitled to a hearing in the trial court to present additional evidence and whether the trial court applied the correct legal standard in deciding that appellant was not entitled to a use variance. For the reasons that follow, we affirm.

**{¶2}** Appellant began its operations as a landscape business doing business as "Right Cut Landscape Services" on property it leases on Kinsman Road in Newbury Township. Appellant subsequently expanded its operations to collect and store wood waste materials on the property.

**{¶3}** In March 2010, appellant received notice from the township that its business was in violation of township zoning. As a result, in August 2011, appellant filed an application requesting a zoning certificate for a change of use of the property. In its application, appellant described its present use of the property as "storage and material processing" and stated its proposed use is for "storage and processing of green waste, truck and equip storage."

**{¶4}** After investigating the matter, on December 5, 2011, the zoning inspector prepared a decision disapproving appellant's application for a use variance. In her report she explained that the proposed use, which she described as "composting," is not a permitted use under the township zoning resolution. Newbury Township Zoning Resolution, Article V R1; Article VI B1. Further, appellant's activities in processing and storing landscaping waste are not permitted uses. *Id.* She said the zoning resolution prohibits any use that is not specifically listed in the zoning resolution as a permitted use. Zoning Resolution, Article IV Section 4.01A. Further, she said that composting and storing trees, logs, stumps, or branches are prohibited by the resolution. Article IV Section 4.01(V). On December 15, 2011, appellant filed a notice of appeal with the BZA, requesting a use variance.

**{¶5}** The BZA conducted hearings on the appeal on January 24, 2012; January 27, 2012; and March 13, 2012. At the first hearing, appellant's president, Beau Gibney,

testified in support of appellant's request for a use variance. He testified concerning the history of his company and of the site. In the past, the property had been used as a truck terminal by a previous lessee. Thereafter, appellant operated the property as a landscape company since 1995. Appellant is now involved in yard waste recycling, which, Mr. Gibney said, consists of turning green waste and wood-based materials into mulch. Mr. Gibney submitted copies of appellant's EPA permit, material specifications for the dye appellant uses in making its mulch, and wind studies to manage the migration of noxious odors from appellant's operation onto neighboring properties.

{¶6} Next, Chip Hess, appellant's agent, also testified in support of appellant's variance request. He said the property is viable for a mulching operation and that mulching is different from composting, which involves the decomposition of decayed organic matter. He said the property's current zoning limits development of the property and that appellant needs a use variance for its mulching operation.

{¶7} The township's expert, George Smerigan, testified that appellant had not met the applicable "unnecessary hardship" test for a use variance because the property has other permitted, economically viable uses. He said that appellant has a Class IV EPA composting permit and that appellant's operation meets the definition of composting adopted by the Ohio EPA. He also said the township's zoning resolution prohibits composting in any district and that any use not specifically permitted is prohibited. Further, Mr. Smerigan testified that the production of dust and odors when the piles of wood chips are "turned" and the potential for ground water contamination and spontaneous combustion adversely impact adjacent land owners. He said that appellant presented no evidence to support its request for a use variance, i.e., evidence

3

that the property is unusable for other economically viable uses. In fact, he said there were other economically viable uses for the property because it could be used, as it has in the past, to rent the various houses located on the site to tenants. He said that such use is a permitted use of the property. In response to this testimony, Mr. Gibney said he intends to rent the houses to tenants. Mr. Smerigan concluded that in his opinion, appellant was not entitled to a use variance.

{¶8} Bob Weisdack, Geauga County Health Commissioner, testified regarding public health issues raised by appellant's use of the property, rather than zoning issues. He discussed the old septic systems and wells on the property and asked Mr. Gibney if appellant plans to remove the rental houses on the property to which Mr. Gibney replied that it does not. Mr. Weisdack testified about a recent fire on the property that resulted in black material on appellant's property washing into a nearby stream. He said the EPA mandated appropriate remedial action. Mr. Gibney testified he used a hose to manage the fire himself and in the process he caused the overflow into the stream.

{¶9} The hearing on appellant's use variance request resumed on January 27, 2012, following which the BZA made findings of fact. The hearing then resumed on March 13, 2012, at which time the BZA voted to deny appellant's use-variance request based on its findings of fact.

{¶10} Appellant filed an administrative appeal with the trial court. The BZA filed a "transcript of proceedings," i.e., the record. After both parties filed their briefs, appellant moved the trial court to hold a hearing to take additional evidence. Thereafter, the court entered judgment denying appellant's request for a hearing because none of the provisions in R.C. 2506.03 were triggered, at least one of which is required for the trial

4

court to hold a hearing. Further, the trial court found the evidence supported a finding that appellant's operation involved composting, but even if it only involved mulching, a use variance would still be required because only permitted uses are allowable and neither composting nor mulching is a permitted use. The trial court affirmed the BZA's decision denying appellant's use-variance request, finding the decision was supported by a preponderance of reliable, probative, and substantial evidence.

{¶11} Appellant now appeals the trial court's judgment, asserting five assignments of error. For its first assigned error, it contends:

{¶12} "The trial court erred in finding that Appellant had ample opportunity to present his case at the administrative hearing level."

{¶13} Appellant's argument involves statutory interpretation, which is a question of law that we review de novo. *State v. Phillips*, 11th Dist. Trumbull No. 2008-T-0036, 2008-Ohio-6562, ¶11.

{¶14} First, appellant argues the absence of a verbatim transcript of the evidence entitled it to an evidentiary hearing. Appellant argues the trial court erred in stating in its judgment that "[t]he Township filed the transcript" because there was no verbatim transcript made. However, in making this argument, appellant misconstrues the meaning of the term "transcript" in the judgment. R.C. 2506.02, entitled, "Filing of Transcript," states that within 40 days after a notice of appeal is filed from the agency's decision, upon filing a praecipe, the appellant shall prepare and file in court "a complete transcript of all the original papers, testimony, and evidence * * * taken into consideration in issuing the final order * * *." Thus, contrary to appellant's argument, the

5

term "transcript" as used in the court's judgment and in R.C. 2506.02 refers to the record of the proceedings, *not a verbatim transcript of the evidence.*

{¶15} Further, the Revised Code and this court's precedent do not require a verbatim transcript of the evidence. Nothing in R.C. 2506.02 or R.C. 2506.03 suggests that a verbatim transcript of the evidence must be included in the record. Appellant's reliance on *Woerner v. Mentor Exempted Village School Dist. Bd. of Edn.*, 84 Ohio App.3d 844 (11th Dist.1993), is misplaced because in that case this court reversed due to the failure of the board to file the *transcript of proceedings*, i.e., the record, as required by R.C. 2506.02, not a verbatim transcript of the evidence. *Id.* at 847. In *Natural Health Found. v. Bd. of Zoning Appeals*, 11th Dist. Lake No. 2002-L-118, 2003-Ohio-5706, the BZA did not include a verbatim transcript in the record, but instead provided a summary of the administrative hearing, including a synopsis of the witnesses' testimony and the exhibits submitted during the hearing. This court stated that, "because the summary does not demonstrate that evidence was missing or omitted from the record before the common pleas court," the appellant was not prejudiced. *Id.* at ¶23-24. Moreover, this District's precedent shows that evidence presented in variance hearings held by boards of zoning appeals are typically reported by the board in its minutes. *See Brady Area Residents Ass'n v. Franklin Twp. Zoning Bd. of Appeals*, 11th Dist. Portage No. 2002-P-0059, 2003-Ohio-3269, ¶25-26; *Machnics v. Sloe*, 11th Dist. Geauga No. 2007-G-2784, 2008-Ohio-1133. The Supreme Court of Ohio has held that the minutes of an administrative board serve as the record of the board's actions. *State ex rel. Edwards Land Co. v. Delaware County Bd. of Elections*, 129 Ohio St. 3d 580, 2011-Ohio-4397, ¶34.

{¶16} Next, appellant argues the trial court erred in denying its motion for a hearing to submit additional evidence because: (1) the BZA's transcript of proceedings, i.e., the record, did not contain a report of all evidence admitted or proffered; (2) appellant was not permitted to offer and examine its own witnesses; and (3) appellant was not permitted to cross-examine its own witnesses. We do not agree.

{¶17} Judicial review of an R.C. 2506 administrative appeal is generally confined to a review of the transcript of proceedings provided to the court by the administrative agency. *Boncha v. City of Mentor Mun. Planning Comm.*, 11th Dist. Lake No. 97-L-084, 1998 Ohio App. LEXIS 1943, *11 (May 1, 1998).

{¶18} An exception to this general rule is set forth at R.C. 2506.03, which provides that the trial court is required to conduct an evidentiary hearing in certain specified circumstances. R.C. 2506.03 provides in pertinent part:

{¶19} (A) The hearing of [an administrative] appeal * * * shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

{¶20} (1) The transcript does not contain a report of all evidence admitted or proffered by the appellant

{¶21} (2) The appellant was not permitted to appear and be heard * * * in opposition to the final order * * * and to do any of the following:

{¶22} * * *

{¶23} (b) Offer and examine witnesses and present evidence in support;

**{¶24}** (c) Cross-examine witnesses purporting to refute the appellant's position * * *.

**{¶25}** This court has held that if the transcript is deficient or incomplete, R.C. 2506.03 provides for the trial court to conduct an evidentiary hearing to "fill in the gaps." *Stein v. The Geauga County Bd. Of Health*, 11th Dist. Geauga No. 2002-G-2439, 2003-Ohio-2104, ¶14.

**{¶26}** Appellant argues that it was entitled to an evidentiary hearing in the trial court based on the affidavit of Mr. Gibney, filed in support of appellant's motion for such hearing. In his affidavit, Mr. Gibney alleged appellant was entitled to a hearing due to three alleged deficiencies.

**{¶27}** First, Mr. Gibney stated the BZA's transcript of proceedings, i.e., the record, did not contain a report of all evidence admitted or proffered, as required by R.C. 2506.03(A)(1). However, Mr. Gibney did not state what evidence was allegedly omitted from the record.

**{¶28}** Second, Mr. Gibney stated that appellant was not permitted to offer and examine its own witnesses during the BZA hearing, as required by R.C. 2506.03(A)(2)(b). However, again, Mr. Gibney did not state which witnesses appellant was allegedly not permitted to offer or examine.

**{¶29}** For his third alleged deficiency, Mr. Gibney stated appellant was not permitted to cross-examine the township's witnesses, as required by R.C. 2506.03(A)(2)(c). Again, no detail was provided as to which witnesses appellant was allegedly not permitted to cross-examine.

8

{¶30} Appellant cites no authority in support of the proposition that the mere allegation of one or more of the deficiencies listed in R.C. 2506.03 entitled it to an additional evidentiary hearing. However, the well-established case law holds exactly the opposite. In *Sylvester v. Howland Township Bd. of Zoning Appeals*, 34 Ohio App.3d 270 (11th Dist.1986), this court stated that in an administrative appeal, the trial court shall be confined to the record as filed pursuant to R.C. 2506.02, unless it appears on the face of the record or by affidavit that one of the reasons for permitting additional evidence set forth in R.C. 2506.03 applies. *Id.* at 272. In holding the trial court correctly refused to take additional evidence, this court in *Sylvester* stated: "Appellant does not *demonstrate* that the document in question should have been added to the record pursuant to any of the reasons set forth in R.C. 2506.03, nor did she file an affidavit *illustrating* this point." (Emphasis added.) *Id.*

{¶31} Further, in *12701 Shaker Blvd. Co. v. Cleveland*, 31 Ohio App.2d 199 (8th Dist.1972), the Eighth District held: "[The] mere filing of an affidavit does *not* automatically quicken the statutory right to offer additional testimony in defense of one's property on appeal from a ruling of the Board of Zoning Appeals to the Court of Common Pleas, nor does it compel that court to take additional evidence, unless *the record supports * * * one of the deficiencies enumerated in R.C. 2506.03*." (Emphasis added.) *Shaker Blvd, supra*, at paragraph eight of the syllabus.

{¶32} As noted above, Mr. Gibney did not provide any reasons or explanation in support of any of the three alleged deficiencies listed in his affidavit. Moreover, the record does not demonstrate the existence of any of these alleged deficiencies.

9

**{¶33}** Under Mr. Gibney's first alleged deficiency, the record does not demonstrate that any evidence that was admitted or proffered was not reported. Thus, appellant was not entitled to a hearing under R.C. 2503.03(A)(1).

**{¶34}** Second, the record does not show appellant was prevented from offering or examining its own witnesses.

**{¶35}** According to the minutes, after Mr. Gibney and Mr. Hess testified, "[t]he applicant [i.e., Mr. Gibney,] said he had completed his presentation." Mr. Gibney did not argue during the BZA hearing that appellant had been prevented from presenting any evidence. To the contrary, the record shows that all testimony and exhibits appellant offered were accepted and considered by the BZA.

**{¶36}** Appellant argues that if it had known in advance that the township would be presenting George Smerigan as an expert, it would have called its own expert to testify in opposition. However, if appellant wanted to call an expert who was not present at the time, it could have asked for an extension for this purpose. Nothing in the record suggests the BZA would not have granted such request; however, appellant simply failed to ask for such extension. Appellant cannot fault the BZA for not granting a request it never made. Because appellant could have, but failed to ask for an opportunity to present an expert witness to respond to Mr. Smerigan's testimony, appellant waived such right.

**{¶37}** Thus, the record shows appellant was not prevented from offering or examining its own witnesses. As a result, appellant was not entitled to a hearing under R.C. 2506.03(A)(2)(b).

**{¶38}** Further, appellant failed to state through a proffer what evidence or testimony it would have presented in the trial court that he was allegedly denied the opportunity to present. Therefore, this court cannot determine what effect such purported evidence would have had on the outcome. *Pac. Fin. Servs. Of Am., Inc. v. Bd. of Zoning Appeals*, 11th Dist. Portage No. 1997, 1989 Ohio App. LEXIS 4306, *10 (Nov. 17, 1989). "Unless appellant can show that a different outcome was reasonably likely, no prejudice has been established." *Id.*

**{¶39}** Third, the record does not show that appellant was prevented from cross-examining any of the township's witnesses. Under Section 17.03(B)(14(b)(III) of the Newbury Township Zoning Resolution, a party to a zoning board proceeding has the right to cross-examine any witness who tries to refute his position. It is well settled that a pro se litigant is held to the same standard as a licensed attorney. *Westover v. Humphries*, 11th Dist. Trumbull No. 2012-T-0019, 2012-Ohio-5028, ¶16. Thus, if a party decides to cross-examine a witness, he can invoke the right by simply asking questions of the witness. However, after Mr. Smerigan testified that there were economically viable uses for the property and that appellant was not entitled to a use variance, Mr. Gibney did not ask him any questions. He thus had an opportunity to cross-examine Mr. Smerigan, but waived that right.

**{¶40}** Moreover, appellant was well aware of its right to cross-examine the township's witnesses because, following Mr. Weisdack's testimony, Mr. Gibney cross-examined him concerning whether appellant's operations presented any risk to the public health.

11

{¶41} Thus, the record shows that appellant was not prevented from cross-examining the township's witnesses. As a result, appellant was not entitled to a hearing under R.C. 2506.03(A)(2)(c).

{¶42} We therefore hold the trial court did not err in finding that none of the provisions of R.C. 2506.03 were triggered, requiring the taking of additional evidence.

{¶43} Appellant's first assignment of error is overruled.

{¶44} For its second assigned error, appellant contends:

{¶45} "The trial court erred in continuing to rely on the improper test for the issuance of a use variance under Ohio law."

{¶46} Appellant argues the BZA and the trial court did not apply the correct legal standard in determining whether it was entitled to a use variance. Again, we do not agree.

{¶47} Because the issue raised presents a question of law, we apply the de novo standard of review. *Phillips, supra*.

{¶48} R.C. 2506.04 sets forth the decision-making process a reviewing court must follow when deciding an R.C. Chapter 2506 administrative appeal. It provides: "[The] court may find that the * * * decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision * * *."

{¶49} Therefore, the standard of review applied by the common pleas court is whether there is a preponderance of substantial, reliable, and probative evidence in the record to support the decision of the administrative entity. *Battaglia v. Newbury Twp.*

*Bd. of Zoning Appeals*, 11th Dist. Geauga No. 99-G-2256, 2000 Ohio App. LEXIS 5755, *6 (Dec. 8, 2000), citing *Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals*, 66 Ohio St.3d 452, 456 (1993); *Fisher-Yan v. Mason*, 11th Dist. Geauga No. 99-G-2224, 2000 Ohio App. LEXIS 4352, *10-*11 (Sept. 22, 2000).

{¶50} In undertaking this review, the common pleas court, acting as an appellate court, must give due deference to the administrative agency's determination of evidentiary conflicts. *Battaglia, supra*, at *7. Accordingly, the common pleas court may not substitute its judgment for that of the agency. *Id.*; *Community Concerned Citizens* at 456. Rather, the common pleas court "is bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid[,]" and the burden of demonstrating the invalidity of the agency's decision is on the contesting party. *Id.*; *Fisher-Yan* at *10. *See also C. Miller Chevrolet v. Willoughby Hills*, 38 Ohio St. 2d 298 (1974), paragraph two of the syllabus.

{¶51} The role of an appellate court is even more limited in scope. *Battaglia, supra*. A court of appeals must affirm the decision of the common pleas court unless it finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of substantial, reliable, and probative evidence. *Id.*; *Fisher-Yan* at *10-*11. In reviewing whether the court of common pleas correctly applied the aforementioned standard of review, this court's function is limited and does not involve a determination as to the weight of the evidence. To the contrary, this court's scope of review is limited to whether the common pleas court abused its discretion. *Lorain City School Dist. Bd. of Educ. v. State Employment Relations Board*, 40 Ohio St.3d 257, 261

(1988); *Qualls v. Civ. Serv. Comm.*, 9th Dist. Summit No. 17977, 1997 Ohio App. LEXIS 2603, *4 (June 18, 1997).

{¶52} Here, appellant applied for a use variance. A use variance is granted "when a board of zoning appeals allows property to be used in a way that is not expressly or implicitly permitted by the relevant zoning code." *Battaglia, supra*, at *8

{¶53} When determining the merits of an application for a use variance, the relevant inquiry is "whether a particular zoning ordinance creates an 'unnecessary hardship' with respect to the use of the property." *Id.* at *9. Unnecessary hardship occurs when it is not economically feasible to put a piece of property to a permitted use under its present zoning classification due to the property's unique characteristics. *In re Dinardo Constr., Inc.*, 11th Dist. Geauga No. 98-G-2138, 1999 Ohio App. LEXIS 1430, *5 (Mar. 31, 1999); *Battaglia, supra*, at *10.

{¶54} Here, in denying appellant's request, the BZA made the following pertinent findings of fact:

{¶55} (1) The property is unique; it is environmentally impacted by the EPA mandated test wells with negative economic viability * * *.

{¶56} * * *

{¶57} (5) The spirit and intent of zoning cannot be met as Newbury zoning code does not allow composting.

{¶58} (6) A use variance is the minimum action to afford relief.

{¶59} (7) There are options for permitted uses that are economically viable * * *.

14

**{¶60}** Appellant concedes that the correct standard for granting a use variance is that there are no other economically viable, permitted uses for the property under township zoning. Thus, in order for the BZA to grant the use variance, it was required to find there are no other economically viable uses for the property that are permitted under township zoning. This is exactly the test the BZA applied. In finding that appellant can put its property to other economically viable uses that are permitted in the township under its zoning resolution, the BZA applied the correct unnecessary hardship test as set forth in *Battaglia, supra*. Likewise, in affirming the BZA's decision, the trial court correctly followed this court's well-established precedent.

**{¶61}** Appellant argues that the BZA did not follow the correct legal standard because it did not address the issue of "economic feasibility." However, this argument is incorrect because the BZA in its findings specifically found that there were other permitted uses for appellant's property that are "economically viable."

**{¶62}** Appellant's second assignment of error is overruled.

**{¶63}** For appellant's third assigned error, it alleges:

**{¶64}** "The trial court erred in relying upon materials from a zoning workshop as controlling law for the question at hand."

**{¶65}** Appellant argues the trial court erred in referencing in its judgment a treatise on zoning written by R. Todd Hunt, Esq., a well-known expert in the field of zoning law, written for a zoning seminar. However, appellate courts, including the Supreme Court of Ohio, often cite secondary sources such as treatises, legal dictionaries, and legal encyclopedias for statements of well-accepted principles of law. *See State ex rel. OTR v. Columbus*, 76 Ohio St.3d 203, 208 (1996). In referencing Mr.

15

Hunt's treatise in its judgment, the court merely noted that the same factors used by the BZA in determining appellant's entitlement to a use variance were mentioned by Mr. Hunt in his treatise as factors that are routinely used by Ohio courts in deciding whether to grant a use variance. Since these factors correctly reflect the elements of the unnecessary hardship test, the trial court did not err in referencing this treatise.

{¶66} In any event, appellant does not argue that any of the factors cited by Mr. Hunt were inapplicable or that they did not accurately reflect the applicable test for courts to use in determining whether to grant a use variance. Thus, even if the court erred in citing this treatise in its judgment, any error would not have prejudiced appellant.

{¶67} Contrary to appellant's suggestion, evidence was presented to the board that the property has other permitted economically viable uses. For example, in the past, the property had been used as a truck terminal. Further, there are several houses on the property that have been used in the past and can be used now as rental properties to generate income. In fact, Mr. Gibney testified he plans to maintain these houses and use them as rental properties. Moreover, since 1995, appellant used the property as a landscape business, another economically viable, permitted use of the property. Thus, the BZA's finding that there are other permitted economically viable uses for the property reflected the BZA's application of the correct use-variance test and was supported by the record.

{¶68} Appellant's third assignment of error is overruled.

{¶69} For its fourth assignment of error, appellant alleges:

{¶70} "The trial court erred in its analysis and reliance on certain factors to show that Appellant was, de facto, engaging in a prohibited use on the subject property."

{¶71} Appellant argues the trial court erred in finding that appellant was engaging in composting, a prohibited use, on the property because the evidence cited by the trial court in support was not "definitive." However, this factual finding must be affirmed because it was supported by competent, credible evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280 (1978).

{¶72} First, the trial court noted the record shows that on September 21, 2001, representatives of the Geauga County Health Department, in responding to a complaint that appellant was storing shredded wood in piles on its property, found piles of "wood, wood chips, and *compost.*" Further, the court noted that appellant holds a Class IV Ohio EPA *Composting* Facility Permit. The court also noted evidence that appellant stores wood fibers and occasionally turns the piles over on its property. The trial court found this evidence supported the conclusion that the activities in which appellant engages include composting. In any event, as the trial court noted, even if appellant's activities were limited to mulching, as it claimed, appellant would still need a use variance because only uses that are listed as permitted in the zoning resolution are allowable without a variance and the making or processing of mulch is not listed as a permitted use in the township zoning resolution.

{¶73} Appellant's fourth assignment of error is overruled.

{¶74} For its fifth and final assignment of error, appellant alleges:

{¶75} "The trial court erred in when [sic] it found that the BZA's motion to rescind served to deny GMV its appeal."

17

{¶76} Appellant argues the trial court did not actually vote on its use variance request. However, our review of the record shows otherwise.

{¶77} At the third and final meeting on appellant's use-variance request, the initial motion to deny the variance did not pass as the board did not reach a majority vote on the issue. That decision was not a final order because it was not journalized on the board's record. *Portage Metro. Hous. Auth. v. Ravenna Twp. Bd. of Zoning Appeals*, 11th Dist. Portage No. 96-P-0197, 1996 Ohio App. LEXIS 5636, *8-*9 (Dec. 13, 1996). Instead, the BZA members continued their discussion of appellant's use-variance request. When this discussion was completed, the BZA moved to rescind the prior motion to deny the variance, which vote had failed, and to replace it with a new motion to deny the variance based on the BZA's findings of fact. Ray Fidel, chairman of the board of zoning appeals, stated that a yes vote would deny the use variance as requested. This time, the motion passed by a majority vote with four members voting yes, to deny the variance, and one voting no, not to deny the variance. This vote clearly denied appellant's request for a use variance.

{¶78} We therefore hold the trial court did not err in finding that the BZA voted to deny appellant's use-variance request.

{¶79} Appellant's fifth assignment of error is overruled.

{¶80} For the reasons stated in this opinion, appellant's assignments of error are overruled. It is the order and judgment of this court that the judgment of the Geauga County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J., concurs with a Concurring Opinion,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

18

_____

THOMAS R. WRIGHT, J., concurs with a Concurring Opinion.

{¶81} The impetus for appellant's request to submit additional evidence at the trial level was its belief that the township engaged in unfair gamesmanship in the presentation of evidence before the zoning board. After reviewing the entire record, appellant's factual assertions do not warrant a finding of unfair trial tactics, but instead shows that any inadequacies in its evidentiary submission was due to its own shortcomings in presenting its case to the board. Therefore, as appellant failed to state a viable reason for relief under R.C. 2506.03(A), I concur in the lead opinion but write separately as to the first assignment.

{¶82} The transcript of the board proceedings demonstrates that appellant, Green Vision Materials, Inc., was not represented by an attorney before the board. Instead, its president, Beau Gibney, and an employee represented the company's interests before the board. At the beginning of the initial hearing, Gibney and the employee gave a presentation in support of the application for a use variance.

{¶83} After Gibney stated that appellant's presentation was complete, the zoning board allowed George Smerigan, a supposed expert on zoning law, to "testify" on behalf of the township. Smerigan stated that appellant should not be granted a use variance for its "mulching" business unless it could establish an unnecessary hardship. Upon referring to seven factors to be considered in determining the issue, Smerigan concluded that the company did not carry its burden because there had been no showing that the property could not be used for other permitted business uses.

19

{¶84} The board also called Bob Weisdack, the Geauga County Health Commissioner, to give a presentation regarding the use variance. Weisdack's testimony was generally in favor of appellant, in that he maintained that the mulching business did not pose any significant public health problems. Although the board continued to ask questions after the Weisdack presentation was finished, no other witnesses were called to testify during the remainder of the first hearing or in either of the two subsequent hearings.

{¶85} According to the summary of the evidence set forth in the board transcript, Beau Gibney did not request on behalf of appellant to be given a copy of the written report that George Smerigan provided to the board. Similarly, there is nothing in the summary to show that Gibney was denied the opportunity to cross-examine Smerigan regarding his ultimate conclusion on the "use variance" question.

{¶86} After the zoning board issued its decision denying the use variance, Gibney hired an attorney to represent appellant's interests in the administrative appeal. Following the institution of the appeal and the filing of the board transcript, the trial court issued an order delineating a schedule for the submission of the parties' respective briefs. As part of the order, the trial court stated that if a party intended to request an opportunity to present additional evidence under R.C. 2506.03, it had to provide a statement setting forth the reasons for the request.

{¶87} In the company's initial brief, appellant's counsel made no reference to any of the statutory reasons for allowing additional evidence. Specifically, no issues were raised concerning the quality of the board's transcript or whether the summary referred to all evidence submitted during the first hearing. Moreover, the initial brief

does not assert that Gibney expressly sought to cross-examine Smerigan, but was denied by the board.

**{¶88}** Rather, appellant's initial brief focused solely upon the assertion that it was not given any notice that the township would be presenting Smerigan as an expert witness. In essence, the brief stated that the township engaged in "sandbagging" by not providing a pre-hearing witness list and by not providing a copy of the Smerigan report to Gibney until after the first hearing ended. Based upon this, appellant's counsel contended that the company was denied a fair opportunity to present its own expert to rebut Smerigan.

**{¶89}** As part of its response to the initial brief, the board noted that appellant failed to provide a specific statement as to the need for additional evidence under R.C. 2506.03. Accordingly, when appellant submitted its reply brief, it was accompanied by Gibney's affidavit. In addition to asserting that the evidentiary summary was incomplete and that his company was not allowed to offer witnesses, Gibney averred that the company was not afforded the right to cross-examine witnesses.

**{¶90}** Even though Gibney's averment as to the lack of cross-examination was broadly worded, the argument in appellant's reply brief was again based solely upon Smerigan's testimony. Specifically, the reply brief maintained that appellant was deprived of a fair opportunity to cross-examine Smerigan because Gibney was not provided with a copy of the written report until after the close of the evidence.

**{¶91}** Given that each of appellant's two briefs at the trial level addressed the issue of whether the procedure before the zoning board warranted the submission of additional evidence, they must be reviewed in conjunction with the basic averments in

the Gibney affidavit. In those briefs, appellant did not allege that Gibney was denied the right to cross-examine all witnesses presented at the first board hearing; rather, the allegation was limited to the expert witness, George Smerigan. Second, the briefs do not assert that Gibney asked for a copy of Smerigan's report, but the board or township refused to provide it. Third, they did not allege that Gibney asked the board to allow him to cross-examine Smerigan, and the request was denied. To this extent, appellant's allegations can only be interpreted as meaning that the lack of any cross-examination of Smerigan was entirely due to Gibney's failure, as the representative of his company at the hearing, to timely assert the right.

{¶92} For purposes of the enforcement of any procedural rule, a pro se litigant must be treated in the same manner as a licensed attorney. *Westover v. Humphries*, 11th Dist. Trumbull No. 2012-T-0019, 2012-Ohio-5028, ¶16. Under Section 17.03(B)(14)(b)(III) of the Newbury Township Zoning Resolution, a party to a zoning board proceeding has the right to cross-examine any witness who tries to refute his position. Thus, if a pro se litigator decided to cross-examine a witness, he could properly invoke the right by simply asking questions of the witness.

{¶93} This procedural rule applies to Gibney as a pro se litigant. Although not a licensed attorney, Gibney still had an obligation to know his legal rights and invoke them at the appropriate time in the proceeding. Stated differently, the zoning board had no duty to inform Gibney of the right to cross-examine and assist him in properly invoking it. Inaction during the hearing resulted in a waiver of the right. Under such circumstances, the absence of any cross-examination does not constitute a valid reason to permit additional evidence under R.C. 2506.03.

22

**{¶94}** In relation to the proper application of R.C. 2506.03(A), the statute mandates that a trial court's review of an administrative appeal must be limited to the transcript "unless it appears, on the face of that transcript or by affidavit filed by the appellant," that one of the five listed reasons for allowing additional evidence is present in the case. Given the use of the word "or" in the quoted passage, it is apparent that the legislature did not intend for the report of the evidence in the transcript to always be controlling as to whether a procedural error occurred in the administrative proceeding; i.e., there can be instances in which the averments in a party's affidavit will be sufficient to show one of the viable reasons for relief, as listed in the statute. In turn, this leads to the question of what procedure the trial court is to follow when the affiant's averments conflict with the report of the evidence.

**{¶95}** For example, if the affiant asserts that the board denied his request to question a witness, but the report does not so state, how does the trial court proceed? In light of the wording of the statute, the trial court is not required to always defer to the report, but can take other steps to resolve the conflict. Specifically, if the affidavit has averments which, if true, would be sufficient to demonstrate one of the five statutory bases for allowing additional evidence, the trial court is usually required to conduct a separate evidentiary hearing to determine whether the report accurately reflects what occurred at the board proceeding. In this regard, the initial burden of the party seeking to present additional evidence would be the same as a movant in a Civ.R. 60(B) exercise; i.e., in order to be entitled to an evidentiary hearing on a 60(B) motion, the movant must state sufficient allegations of operative facts that, if true, would warrant relief. *Westover*, 2012-Ohio-5028, at ¶15. Moreover, the party seeking relief under

R.C. 2506.03 would have the ultimate burden of proving the existence of the procedural error.

{¶96} In this case, Gibney's affidavit contained sufficient allegations of operative facts to justify a separate evidentiary hearing on the "cross-examination" issue. However, in light of the additional clarifications made in appellant's two briefs, a separate hearing was no longer warranted because those allegations indicated the lack of cross-examination was attributable to Gibney's failure to invoke his right to question Smerigan. Therefore, appellant was not entitled to submit additional evidence on that basis.

{¶97} In addition to the "cross-examination" issue, appellant also sought relief under R.C. 2506.03(A) on the grounds that it was denied a fair opportunity to call witnesses in support of its position. Even though Gibney's averment on this particular point was also stated broadly in his affidavit, the assertions in appellant's two briefs were limited to the allegation that he was not afforded an opportunity to present an expert witness to rebut Smerigan's testimony. In raising this point, though, the briefs did not allege that Gibney attempted to call a witness and was denied or that he requested a continuance for that purpose and was denied by the board. Thus, again, appellant's own assertions and briefs support a conclusion that he was not denied the opportunity to present an expert witness but rather that he never attempted to do so.

{¶98} As the third ground for its request to submit additional evidence before the trial court, Gibney averred under R.C. 2506.03(A)(1) that the evidentiary report in the board transcript did not cite all evidence that he presented at the hearing. However, in its two briefs, appellant did not assert any separate allegations or argument in support

24

of this point. Hence, appellant failed to carry its burden as to its third ground.

{¶99} For the foregoing reasons, I would overrule appellant's first assignment on the basis that the trial court properly denied its request to submit additional evidence under R.C. 2506.03(A). As to the remaining assignments, I concur in the majority opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶100} This court has held that failure by an agency to file conclusions of fact, along with the transcript of proceedings, as mandated by R.C. 2506.03(A)(5), requires the trial court hearing an appeal from a decision of the agency to hold a hearing pursuant to R.C. 2506.03(B). *Aria's Way, LLC v. Concord Twp. Bd. Of Zoning Appeals*, 173 Ohio App.3d 73, 2007-Ohio-4776, ¶22 (11th Dist.). As this court noted, R.C. 2506.03(B) provides: "'If any circumstances described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party.' It is axiomatic that the word 'shall' indicates a mandatory requirement. *State ex rel. Botkins v. Laws* (1994), 69 Ohio St.3d 383, * * *." (Parallel citation omitted.) *Id.*

{¶101} In this case, Green Vision, through Mr. Gibney's affidavit, properly alleged the transcript filed by the BZA violated R.C. 2506.03(A)(1), and (A)(2)(b), (c), and (d). Consequently, the trial court was required, under R.C. 2506.03(B) to hold a further hearing. I would find that the first assignment of error has merit and the remaining assignments of error moot. App.R. 12(A)(1)(c).

25

**{¶102}** I respectfully dissent.